**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BOUILLE CLARK PLUMBING, HEATING, AND ELECTRIC, INC., Respondent.**

**International Brotherhood of Electrical Workers, Local Union No. 139 Intervenor.**

**Docket No. 02–4562.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

Jeffrey M. Hirsch, National Labor Relations Board, Washington, D.C. (Arthur F. Rosenfeld, John E. Higgins, Jr., John H. Ferguson, Aileen A. Armstrong, Julie B. Broido, on the brief), for Petitioner, of counsel.

Joseph J. Steflik, Jr., Coughlin & Gerhart, LLP, Binghamton, New York, for Respondent.

James R. LaVaute, Blitman & King LLP, Syracuse, New York (Stephanie A. Miner, of counsel, on the brief), for Intervenor.

PRESENT: JACOBS, STRAUB, and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

The NLRB applies to this Court for enforcement of its Decision and Order dated July 5, 2002. Among other things, this Decision and Order required Bouille Clark Plumbing, Heating, and Electric, Inc. ("Bouille") to cease and desist from repudiating its "inside construction" collective-bargaining agreement with International Brotherhood of Electrical Workers, Local Union No. 139, and to "make whole" the employees and contractual benefit funds injured by Bouille's past violations. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court's "review of Board orders is quite limited." *NLRB v. Katz's Delicates-*

*sen, Inc.,* 80 F.3d 755, 763 (2d Cir.1996). In particular, "[w]e must enforce the Board's order[s] where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *Id.* Both standards are extremely deferential. *See, e.g., NLRB v. Caval Tool Div.,* 262 F.3d 184, 188 (2d Cir.2001).

In this instance, the Board's legal conclusions are reasonably based, and substantial evidence supports its factual findings.

Accordingly, the application to enforce the Board's order is hereby **GRANTED.**